BARFIELD, Judge.
Kam Seafood appeals the forfeiture, as contraband, of an automobile operated by an employee who was arrested for possession of cocaine in Apalachicola. The trial judge found that the employee was the beneficial owner of the car and ordered a forfeiture. We disagree and reverse.
The evidence at the forfeiture hearing showed that the title to the car was in the name of Kam Seafood and had been since the car’s purchase in 1979. The employee, who was also the son of the company president, had permission to use the car. Other employees also had use of the car. The company paid maintenance and repair bills on the ear. All of the evidence demonstrated the automobile was an asset of the company at all times.
In ordering forfeiture under the Florida Contraband Forfeiture Act, Section 932.701 et seq., Florida Statutes, (1981), the trial court concluded that the arrested employee, Kenneth Wilson, was the beneficial owner of the car and that the company held title as a matter of convenience. This conclusion can arise only as an inference from the employee’s predominant use of the vehicle. The inference is unreasonable under the evidence in this case. The evidence clearly shows appellant was the legal owner. The evidence fails to support any conclusion that the company held title to avoid forfeiture or as a convenience. The evidence shows a purely business reason for the company to hold title, to provide transportation for its employees on company business.
The trial judge concluded that Kam Seafood and its president neither knew or should have known of the use of the car to transport cocaine. Since the evidence demonstrates Kam Seafood was the owner, it was error to order the forfeiture. Therefore, the order of forfeiture is REVERSED and the case is REMANDED to the trial court to enter an order returning the automobile to its owner, Kam Seafood.
ERVIN and WIGGINTON, JJ., concur.